

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Rahul Agarwal and Robert L. Frazer*
*Assistant United States Attorneys*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 297-4395*
*Facsimile: (973) 297-2006*

RA/RLF/PL AGR
2013R01003

RECEIVED December 19, 2014

Paulette L. Pitt, Esq.
97 Main Street
Suite 206
Woodbridge, NJ 07095

JAN 13 2015
AT 8:30 _____ M
WILLIAM T. WALSH CLERK

CR 15-14 (MLC)

Re: Plea Agreement with Channel Lespinasse

Dear Ms. Pitt:

This letter sets forth the plea agreement between your client, Channel Lespinasse, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Channel Lespinasse to an information, which charges her with conspiracy to commit extortion under color of official right affecting interstate commerce, in violation of 18 U.S.C. § 1951(a). If Channel Lespinasse enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Channel Lespinasse for conspiring with others to accept payments in exchange for Channel Lespinasse's use of her official position at the Essex County Correctional Facility to smuggle contraband, including a cellular telephone, into the correctional facility, in or about November 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Channel Lespinasse agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Channel Lespinasse may be commenced against her, notwithstanding the expiration of the limitations period after Channel Lespinasse signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1951(a) to which Channel Lespinasse agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any

1

persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Channel Lespinasse is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Channel Lespinasse ultimately will receive.

Further, in addition to imposing any other penalty on Channel Lespinasse, the sentencing judge: (1) will order Channel Lespinasse to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Channel Lespinasse to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require Channel Lespinasse to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Channel Lespinasse be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Channel Lespinasse may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Channel Lespinasse by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Channel Lespinasse's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Channel Lespinasse agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or

2

conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Channel Lespinasse from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Channel Lespinasse waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Channel Lespinasse agrees that as part of her acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Channel Lespinasse will consent to the entry of a forfeiture money judgment in the amount of $1,000 in United States currency (the "Forfeiture Money Judgment"), the amount of a bribe payment received by her accomplice on November 17, 2013 from the undercover agent for Channel Lespinasse's benefit. Channel Lespinasse acknowledges that the $1,000 is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1951(a), which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date she enters her plea of guilty pursuant to this agreement, Channel Lespinasse shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Channel Lespinasse enters her plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Channel Lespinasse fails to pay any portion of the Forfeiture Money Judgment on or before the date of her guilty plea, Channel Lespinasse consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

3

Channel Lespinasse agrees to consent to the entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Channel Lespinasse understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Channel Lespinasse hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Channel Lespinasse understands that, if she is not a citizen of the United States, her guilty plea to the charged offense may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Channel Lespinasse understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Channel Lespinasse wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Channel Lespinasse understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Channel Lespinasse waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Channel Lespinasse. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Channel Lespinasse.

No Other Promises

4

This agreement constitutes the plea agreement between Channel Lespinasse and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Rahul Agarwal
Robert L. Frazer
Assistant U.S. Attorneys

APPROVED:

James B. Nobile
Chief, Special Prosecutions Division

    I have received this letter from my attorney, Paulette Pitt, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 1-13-15
Channel Lespinasse

    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 1-13-15
Paulette Pitt, Esq.
Counsel for Channel Lespinasse

6

Plea Agreement With CHANNEL LESPINASSE

Schedule A

1. This Office and Channel Lespinasse recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Channel Lespinasse nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2014 applies in this case.

3. The applicable guideline is U.S.S.G. § 2C1.1. Because Channel Lespinasse was a public official, this guideline carries a base offense level of 14. See U.S.S.G. § 2C1.1(a)(2).

4. The parties do not agree as to the applicability of Specific Offense Characteristic 2C1.1(b)(1), and both sides reserve the right to argue their respective positions at sentencing. The Government's position is that Lespinasse's conduct involved more than one extortion/bribe, which would result in a 2-level enhancement. Lespinasse's position is that her conduct involved one extortion/bribe, in which case the 2-level enhancement would not apply.

5. The parties do not agree as to the applicability of Specific Offense Characteristic 2C1.1(b)(3), and both sides reserve the right to argue their respective positions at sentencing. The Government's position is that Lespinasse was a public official in a sensitive position, which would result in 4-level enhancement. Lespinasse's position is that she was not a public official in a sensitive position, in which case the 4-level enhancement would not apply.

6. As of the date of this letter, Channel Lespinasse has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Channel Lespinasse's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Channel Lespinasse has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Channel Lespinasse's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Channel Lespinasse enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Channel Lespinasse's acceptance of responsibility has continued through the date of sentencing and Channel Lespinasse therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Channel Lespinasse's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. Channel Lespinasse reserves the right to move for a downward departure based on family ties and responsibilities pursuant to U.S.S.G. § 5H1.6. The Government reserves the right to oppose such a motion. Channel Lespinasse also reserves her right to move for a downward variance based upon the factors set forth at 18 U.S.C. § 3553(a). The Government reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

9. Channel Lespinasse knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude Channel Lespinasse from pursuing, where permitted by law, an appeal, collateral attack, writ, or motion claiming that Channel Lespinasse's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.